Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

U.S. DISTRICT COURT
~~SOUTHERN DISTRICT OF GEORGIA~~

# UNITED STATES DISTRICT COURT

AUG - 3 2026

for the

Southern District of Georgia  ▼

FILED

Augusta Division

Ashliegh Michelle Mims

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*
-v-

Massage Envy Augusta Georgia

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Ashliegh Michelle Mims |
| Street Address | 387 Church Street |
| City and County | Blythe Richmond |
| State and Zip Code | Georgia 30805 |
| Telephone Number | (706)535-8261 |
| E-mail Address | ashliegh.mims@icloud.com |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Massage Envy - Augusta Georgia |
| Job or Title *(if known)* | |
| Street Address | 210 Robert C Daniel Parkway |
| City and County | Augusta Richmond |
| State and Zip Code | Georgia 30909 |
| Telephone Number | (706) 738-0288 |
| E-mail Address *(if known)* | clinic0954@massageenvy.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Massage Envy Augusta Georgia |
| Street Address | 210 Rober C Daniel Parkway Suite E-F |
| City and County | Augusta Richmond |
| State and Zip Code | Georgia 30909 |
| Telephone Number | (706) 738-0288 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☑ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

August 10, 2025; September 2025; October 2025

C.    I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race — Caucasian
- ☑ color — White
- ☑ gender/sex — Female
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

Physical, Co-occuring Mental Health Issues,

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See Attached Complaint

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
November 10, 2025

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*    05/04/2026    .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Ms. Ashliegh M. Mims
04/27/2026

Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date: 7/31/26

> CATHERINE Q HOUGH
> Notary Public, Georgia
> Richmond County
> My Commission Expires
> September 02, 2028

Signature of Notary _Catherine Q Hough_
Printed Name _Catherine Q Hough_

EEOC No. 410-2026-01345 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 410-2026-01345 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ms. Ashliegh M. Mims

Phone No.: 706-535-8261
Year of Birth: 1988
Mailing Address: 387 Church St
BLYTHE, GA 30805

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Massage Envy
No. Employees, Members: 501+ Employees
Phone No.: (855) 476-4357
Mailing Address: 210 Robert C Daniel Pkwy Suite E
AUGUSTA, GA 30909, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Disability

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 10/22/2025
Latest: 10/22/2025

THE PARTICULARS ARE:

I. On or about August 2025, I was hired by the above employer as an Esthetician. From on or about September 2025 to October 2025, I have been subjected to disparate treatment and harassment by the above employer. On or about September 2025, I was admitted to the hospital and kept into contact with the above employer. Upon returning, all my clients were given away. On or about October 2025, during a mandatory meeting, I was treated unprofessional by my supervisor, Shane. On or about October 2025, I injured my finger and contacted Human Resources. Human Resources placed me on light duty, told me to go home, and not to talk to staff or clients. On or about October 22, 2025, I was discharged from my position.

II. I was informed I was being discharged due to non-compete clause.

III. I believe I have been discriminated against based on my disability and subjected to retaliation, in violation of the Americans with Disabilities Act of 1990 (ADA), as amended.

# CP ENCLOSURE WITH EEOC FORM 5 (06/24)

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

mental health conditions and physical limitations. Defendant therefore had knowledge of Plaintiff's disabilities before or at the beginning of her employment.

3. Shortly after Plaintiff began working, she was treated differently from other employees.
4. During training, Plaintiff was singled out and subjected to treatment that she believed differed from similarly situated employees.
5. As Plaintiff's employment continued, the unequal treatment persisted and created a hostile work environment.
6. Plaintiff experienced repeated conduct that caused humiliation, stress, and emotional distress.
7. Plaintiff believed that management failed to address the conduct despite having knowledge of her concerns.
8. On the day before Plaintiff's termination, Defendant placed Plaintiff on what was described as "light duty."
9. As part of those restrictions, Plaintiff was instructed not to communicate with staff members or clients, significantly limiting her ability to perform her normal job duties.
10. Plaintiff alleges these restrictions were imposed in a manner that isolated her from coworkers and interfered with her employment.
11. Also on the day before her termination, Plaintiff's sister had a facial appointment at Defendant's business.
12. Plaintiff's sister attempted to contact Plaintiff by telephone regarding the appointment.
13. Plaintiff briefly stepped outside the workplace to speak with her sister, informed her that significant issues were occurring at work, stated she could not talk at that time, and advised that the appointment would be rescheduled with Plaintiff because the appointment had been scheduled with another esthetician.
14. Plaintiff returned to work after the brief conversation.
15. Also on the day before Plaintiff's termination, Plaintiff reported her concerns regarding discrimination, unequal treatment, and the workplace environment to Human Resources.
16. Plaintiff had a reasonable belief that she was reporting unlawful discrimination and requesting that Defendant investigate the conduct.
17. Less than twenty-four hours after making those complaints, Defendant terminated Plaintiff's employment.
18. Plaintiff received her separation notice on October 22, 2026.
19. Plaintiff alleges that the close timing between her complaint to Human Resources and her termination supports an inference of retaliation.
20. Defendant's actions caused Plaintiff to suffer lost wages, loss of employment, emotional distress, humiliation, anxiety, and other damages.

## COUNT I

## Disability Discrimination (Americans with Disabilities Act)

1. Plaintiff incorporates all preceding paragraphs.
2. Plaintiff is a qualified individual with disabilities within the meaning of the ADA.
3. Defendant knew of Plaintiff's disabilities.
4. Defendant subjected Plaintiff to unequal treatment because of those disabilities.
5. Defendant's conduct violated the ADA.

See Attached Relief

---

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    8-3-26

Signature of Plaintiff

Printed Name of Plaintiff    Ashleigh Mims

### B.        For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

I was employed by Massage Envy in Augusta, Georgia, as an esthetician. I am a Caucasian/White female.

On or about August 2025, I disclosed my disabilities, including PTSD and other medical conditions, and requested reasonable accommodations. Following this disclosure, I experienced increased scrutiny, hyper-criticism, and hostile treatment that differed significantly from the treatment of similarly situated male employees and employees of other races.

After returning from medical hospitalization, the harassment, race-based, gender-based, and disability-based discriminatory treatment became more severe. I was placed on light duty and explicitly instructed not to speak with staff or clients. This instruction isolated and humiliated me, a measure that was not enforced against non-White, male, or non-disabled coworkers.

The day before my termination, I contacted Human Resources in accordance with company policy to report my concerns regarding race, gender, and disability discrimination, and to seek guidance. Human Resources instructed me how to handle the situation that day. The following day, my employment was terminated.

At the time of my termination, I was informed that the reason was an alleged violation of a non-compete clause. However, during my unemployment proceedings, my employer shifted their narrative, stating that I was terminated for attendance issues. I dispute this claim. I signed only two attendance write-ups during my entire employment, whereas non-White, male, and non-disabled employees with similar or worse attendance records were not terminated.

I believe the shifting and contradictory reasons given for my termination were entirely pretextual. I believe I was discriminated against based on my race (White), my gender (female), and my disability, and that I was retaliated against after requesting reasonable accommodations and reporting discriminatory concerns to Human Resources, in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA).

As a direct and proximate result of the Defendant's unlawful, discriminatory, and retaliatory conduct based on my race (White), gender (female), and disability, I have suffered, and continue to suffer, substantial economic and non-economic losses. Accordingly, I request the following damages:

- **Back Pay:** Full restitution of all lost wages, commissions, tips, bonuses, and employee benefits from the date of my unlawful termination until the date of judgment, plus pre-judgment interest to include back pay that matches the agreed upon rate discussed at the of hire. Interest and penalty amounts required by the federal government due to inability to file yearly taxes due to not receiving a W-2 for the 2025 tax year.

- **Front Pay:** An award of future lost earnings and benefits in lieu of reinstatement, factoring in the time required to find comparable employment as an esthetician.

- **Compensatory Damages:** Financial compensation for severe emotional distress, mental anguish, humiliation, anxiety, loss of enjoyment of life, and medical or therapeutic expenses incurred as a result of the isolation, hyper-scrutiny, and sudden termination I experienced.

- **Punitive Damages:** An award of punitive damages against the employer. The employer acted with malice and reckless indifference to my federally protected rights under Title VII and the ADA by intentionally isolating me upon my return from hospitalization, ignoring my internal reports to Human Resources, and fabricating pretextual, shifting reasons for my termination.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court [or the Commission] enter judgment in her favor and against Defendant, granting the following relief:

1. **A Declaratory Judgment** that Defendant's actions, policies, and practices violated Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA);

2. **An Injunction** permanently restraining Defendant, its officers, and its managers from engaging in further discriminatory or retaliatory employment practices;

3. **An Award of Back Pay** and all associated benefits, in an amount to be proven at trial;

4. **An Award of Front Pay** and future benefits to compensate for ongoing economic displacement;

5. **An Award of Compensatory Damages** for emotional distress and financial losses, subject to the applicable statutory limits;

6. **An Award of Punitive Damages** to punish Defendant for its willful, malicious, and reckless misconduct and to deter future violations;

7. **An Award of Reasonable Attorney's Fees**, expert witness fees, and all litigation costs incurred herein; and

8. **Such Other and Further Relief** as this Court deems just, proper, and equitable under the law.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Atlanta Direct Dial: (470) 531-4760
FAX (404) 562-6909/6910
Website: www.eeoc.gov

April 1, 2026

Ashliegh M. Mims
387 Church St.
Blythe, GA 30805

Re: Ashliegh M. Mims v. Massage Envy

EEOC Charge Number: 410-2026-01345

Dear Ms. Mims,

The Commission has completed the investigation of the above referenced charge.

In your EEOC charge, you allege you were subjected to discrimination based on your disability, and subjected to retaliation, in violation of the Americans with Disabilities Act of 1990 (ADA), as amended.

EEOC obtained information from you and Respondent regarding your allegations. Based on our review and analysis of this information, it is unlikely that additional investigation will result in a violation of the statute(s) we enforce. The EEOC has completed the processing of your charge and is issuing you a Determination and Notice of Rights, which will allow you to pursue your claims further by filing a private lawsuit within ninety (90) days of your receipt of EEOC's official notice of dismissal.

Sincerely,

Jerome Locke
Senior Federal Investigator

Charge of Discrimination of Ashleigh Mims

## DECLARATION OF KAREN MIMS CARROLL

I, **Karen Mims Carroll**, declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the following statements are true and correct based upon my personal knowledge:

1. I am over the age of eighteen and am competent to make this declaration.
2. I am the sister of **Ashleigh Mims.**
3. While Ashleigh was employed by Massage Envy in Augusta, Georgia, I drove approximately two hours from Athens, Georgia, to arrive before the business closed so that I could purchase a Massage Envy membership.
4. I enrolled in the membership with Shane because he explained that he was trying to meet his monthly membership quota. I wanted to help him reach that goal.
5. Shane and the other employees present knew that I was Ashleigh's sister. We openly discussed my skincare goals and my intention to receive facial services from Ashleigh. My membership was completed with that knowledge, and no one informed me that receiving services from my sister violated any company policy.
6. After becoming a member, I returned to Massage Envy and received a facial from Ashleigh. At no time during that appointment did anyone object to Ashleigh providing services to me or indicate that it violated company policy.
7. Based on my experience, it appeared that the arrangement was fully known and accepted by management while Ashleigh remained employed.
8. During one of my visits before Ashleigh's hospitalization in September 2025, I personally observed Ashleigh ask Shane and Anthony if she could perform a service on one of them for training and practice. I heard them respond, "Maybe later." During my visits, I did not observe that opportunity being provided to her.
9. I also observed that Ashleigh was not given the same opportunities as some of the other estheticians to practice or perform certain services. From what I personally witnessed, she did not appear to receive the same level of assistance or opportunities to further develop her skills.
10. I am providing this declaration because these statements are based upon my firsthand observations and personal experiences. If called to testify, I could truthfully testify to the matters stated herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __3__ day of __August__, 20__26__

_(signature)_

Karen Mims Carroll

CATHERINE Q HOUGH
Notary Public, Georgia
Richmond County
My Commission Expires
September 02, 2028

_(signature)_ Catherine Q Hough

Address: <span>4125 Chastain Pl</span>

City, State, ZIP: <span>Grovetown GA 30813</span>

Telephone: <span>706 833 7003</span>

Email: <span>Kcarroll422@gmail.com</span>

**Witness Declaration of Heather Cisneros**

I, **Heather Cisneros**, declare under penalty of perjury that the following is true and correct based on my personal knowledge:

1. I am over the age of 18 and am the sister of Ashliegh Mims. During her employment with Massage Envy in Augusta, Georgia, I was in regular contact with her and personally observed the effect her work environment had on her.

2. I visited Massage Envy on multiple occasions while Ashliegh was employed there. During her training, I personally observed staff members speaking to her in a critical manner. From what I witnessed, she appeared to be treated differently than the other estheticians who were training with her.

3. On one occasion when I came to Massage Envy for a facial, I found Ashliegh crying because she was so upset. She was visibly emotional and distressed. I could tell she was overwhelmed by what was happening at work, and this concerned me.

4. Throughout her employment, I observed a significant decline in Ashliegh's emotional and mental well-being. She became increasingly anxious, overwhelmed, emotionally distressed, and withdrawn. Based on my personal observations and my conversations with her, I believe the ongoing stress she was experiencing at work contributed to her relapse and her suicide attempt, which resulted in her hospitalization in September 2025.

5. After her hospitalization, I continued to observe the lasting emotional impact these events had on her. The changes I witnessed before and after her hospitalization were significant and unlike the person I knew before these events.

6. While Ashliegh was employed at Massage Envy, the staff knew that I was her sister. They encouraged me to purchase a Massage Envy membership so I could continue receiving facials from Ashliegh. I did so with the understanding that I would continue booking appointments with my sister.

7. On the day before Ashliegh was terminated, I had a facial appointment scheduled with her. When I arrived, I was informed that my appointment had been moved to another esthetician. Because I had specifically booked with Ashliegh, I sent her several text messages asking what was going on.

8. After seeing my text messages, Ashliegh briefly came outside. She told me she could not talk because a lot was going on, asked me to go home, said she would handle everything, and told me she would call me after work. I did not receive services from another esthetician because I had come to see my sister, and I left without receiving a facial.

9. At the time of these events, Ashliegh and I lived together, and the staff at Massage Envy knew I was her sister. I later learned that this interaction was allegedly cited by her employer as the basis for claiming she had violated a non-compete agreement. Based on my firsthand knowledge, I was simply a family member who had scheduled a facial with my sister, just as I had previously done with the knowledge and encouragement of the staff.

10. I am making this declaration voluntarily and solely based on my own personal observations and experiences.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: August 3, 2026

Heather Cisneros

Signature:

CATHERINE Q HOUGH
Notary Public, Georgia
Richmond County
My Commission Expires
September 02, 2028